**Clifford A. WILCOX, Jr.**

v.

**Russell E. LERMAN.**

Supreme Judicial Court of Maine.

Argued March 12, 1982.

Decided July 23, 1982.

David J. Jones (orally), Jensen, Baird, Gardner, Donovan & Henry, Portland, for plaintiff.

Neil L. Weinstein (orally), Old Orchard Beach, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

MEMORANDUM DECISION.

The Plaintiff, Clifford A. Wilcox, Jr., had recovered judgment against the Defendant, Russell E. Lerman, in District Court (Portland) for a sum due him on a written contract for removing debris from a Portland building. Proceeding *pro se*, the Defendant undertook to appeal that judgment to Superior Court (Cumberland County), where he attempted to claim a lack of jurisdiction in the District Court and to challenge an *ex parte* order of attachment in that court, asserting issues which had not been seasonably raised before the District Court. On appeal the Defendant furnished the Superior Court with no transcript of proceedings in the trial court or alternative statement

---

of the proceedings as permitted by M.D.C. Civ.R. 75(c) and (d).

The Superior Court affirmed the judgment of the court below. Thereupon the Defendant undertook *pro se* to bring the case to this Court on appeal, notwithstanding that the attorney who had represented him for a time at the District Court level advised him that his appeal to the Superior Court was without merit. That attorney was given leave to withdraw. The Defendant thereafter delayed for over a year in perfecting his appeal to this Court.

Every issue raised by the Defendant on this appeal was either waived in the District Court proceedings or is not shown by the record before the Law Court to have any merit whatsoever. He could not reasonably have believed that this appeal had any chance of success. We conclude that this appeal was frivolous within the meaning of M.R.Civ.P. 76(f).

The entry will be:

Appeal denied.

Judgment affirmed.

It is further ordered that the Defendant pay the Plaintiff treble costs and reasonable out-of-pocket expenses, exclusive of attorneys' fees.

All concurring.